**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**
-----------------------------------------------------x

REED ELSEVIER, INC. through its
LEXISNEXIS Division,

          *Plaintiff,*

           v.

CRAIG M. CROCKETT, et al.,

          *Defendants.*
-----------------------------------------------------x

Case No. 3:10-cv-00248

(Judge Walter Herbert Rice)

**DEFENDANTS' MOTION TO CERTIFY THE MARCH 31, 2011 DECISION AND FEBRUARY 24, 2012 EXPANDED OPINION FOR AN INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS PENDING APPEAL**

       Defendants Craig M. Crockett, assignee of DeHart Crockett, P.C. and Craig M. Crockett, P.C., d/b/a Crockett Firm, on behalf of all others similarly situated (collectively, "Defendants" or "Crockett") moves to certify the March 31, 2011 Decision and associated February 24, 2012 Expanded Opinion (together, the "Order") for an interlocutory appeal pursuant to 28 U.S.C. § 1292(a) and (b) and, pursuant to Fed. R. Civ. P. 62(c), for a stay of proceedings before this Court until (1) the Court of Appeals determines whether to grant or deny permission to appeal the Order; and (2) if such permission to appeal is granted, until the Court of Appeals has issued a final decision in the interlocutory appeal.

       This Court has already conceded that the issues in this case are difficult issues of first impression: "In accordance with the reasoning of the Supreme Court in *Stolt-Nielsen*, this Court concludes that neither that decision nor the decision of the Court in *Bazzle*, resolved the [question of whether a court or arbitrator decides the issue of class arbitrability]." Expanded Opinion at p. 9. These are precisely the type of issues that

1

warrant certification for interlocutory appeal.  Further, a stay is in both parties' best interest, as the resolution of these difficult issues may expedite the termination of this litigation without the Court's having to exhaust its resources on Plaintiff's second cause of action.

Dated: March 21, 2012         Respectfully submitted,
      New York, New York

FENSTERSTOCK & PARTNERS LLP

By:                                  
                 Blair C. Fensterstock (*pro hac vice*)
                 Eugene D. Kublanovsky (*pro hac vice*)
                 Michael T. Phillips II

                 100 Broadway, 8th Floor
                 New York, New York 10005
                 (212) 785 – 4100

                 FRANTZ WARD LLP
                 Patrick F. Haggerty (0019703)
                 Lindsey A. Carr-Siegler (0074182)

                 2500 Key Center
                 127 Public Square
                 Cleveland, Ohio 44144

                 *Attorneys for Defendants*

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

-------------------------------------------------x

REED ELSEVIER, INC. through its
LEXISNEXIS Division,

        *Plaintiff,*

        v.

CRAIG M. CROCKETT, et al.,

        *Defendants.*

-------------------------------------------------x

Case No. 3:10-cv-00248

(Judge Walter Herbert Rice)


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION TO CERTIFY THE MARCH 31, 2011 DECISION AND
## FEBRUARY 24, 2012 EXPANDED OPINION FOR AN INTERLOCUTORY APPEAL
## AND FOR STAY OF PROCEEDINGS PENDING APPEAL


FENSTERSTOCK & PARTNERS LLP
100 BROADWAY, 8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 785 – 4100

FRANTZ WARD LLP
2500 KEY CENTER
127 PUBLIC SQUARE
CLEVELAND, OHIO 441144
(216) 515 – 1660

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 3

I.  THE ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL
    PURSUANT TO 28 U.S.C. § 1292(b) ................................................................... 3

    A.  The Questions Are Ones of Law ............................................................... 4

    B.  The Questions Are Controlling and Materially Affect the Outcome of This
        Litigation ...................................................................................................... 6

    C.  There Exists Substantial Ground for Difference of Opinion on the
        Controlling Questions of Law ..................................................................... 7

    D.  An Immediate Appeal May Materially Advance the Ultimate
        Determination of the Litigation ................................................................. 10

II. THE ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL
    PURSUANT TO 28 U.S.C. § 1292(a)(1) .............................................................. 11

III. THIS COURT SHOULD STAY ALL PROCEEDINGS IN THIS ACTION
     PENDING RESOLUTION OF PROCEEDINGS IN THE COURT OF APPEALS ........ 12

    A.  Defendants Are Likely To Prevail on the Merits of the Appeal ............. 12

    B.  Defendants Will Be Irreparably Harmed Absent a Stay ......................... 14

    C.  The Plaintiff Will Not Be Harmed by a Stay .......................................... 14

    D.  A Stay is in the Public Interest ................................................................. 15

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*American Premier Underwriters, Inc. v. National R.R. Passenger Corp.*,
   2009 WL 961553 (S.D. Ohio Apr. 8, 2009) ........................................................................4

*AmSouth Bank v. Dale*,
   366 F.3d 763 (6th Cir. 2004) ........................................................................11

*AT&T Mobility v. Concepcion*, ........................................................................9

*Brennan v. Bally Total Fitness*,
   153 F. Supp. 2d 408 (S.D.N.Y. 2001) ........................................................................9

*Campbell v. Potash Corp. of Saskatchewan, Inc.*,
   238 F.3d 792 (6th Cir. 2001) ........................................................................4

*Cardwell v. Chesapeake & Ohio Ry. Co.*,
   504 F.2d 444 (6th Cir. 1974) ........................................................................4

*Carnegie v. Household Int'l, Inc.*,
   376 F.3d 656 (7th Cir. 2004) ........................................................................14

*Cooey v. Strickland*,
   588 F.3d 921 (6th Cir. 2009) ........................................................................12

*Desiderio v. National Association of Securities Dealers, Inc.*,
   191 F.3d 198 (2d Cir. 1999) ........................................................................9

*Eagan v. CSX Transp. Inc.*,
   294 F. Supp. 2d 911 (E.D. Mich. 2003) ........................................................................7

*Ebbing v. Butler County, Ohio*,
   2010 WL 596470 (S.D. Ohio Feb. 16, 2010) ........................................................................4

*First Union Real Estate Equity and Mortg. Investments v. Crown American Corp.*,
   23 F.3d 406 (Table), 1994 WL 151338 (6th Cir. Apr. 26, 1994) ........................................................................4

*Gaylord Entm't Co. v. Gilmore Entm't Group*,
   187 F. Supp. 2d 926 (M.D. Tenn. 2001) ........................................................................7

*Green Tree Fin. Corp. v. Bazzle*,
   539 U.S. 444 (2003) ........................................................................7, 13

Page

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) .................................................................................................. 9

*Hunter v. Hamilton County Board of Elections*,
    635 F.3d 219 (6th Cir. 2011) ................................................................................. 11

*In re American Express Merchants' Litigation*,
    554 F.3d 300 (2d Cir. 2009) .................................................................................. 10

*In re American Express Merchants' Litigation*,
    634 F.3d 187 (2d Cir. 2011) .................................................................................. 10

*In re American Express Merchants' Litigation*,
    667 F.3d 204 (2d Cir. Feb. 1, 2012) ...................................................................... 9

*In re Baker v. Getty Financial Services*,
    954 F.2d 1169 (6th Cir. 1992) .......................................................................... 6, 10

*In re City of Memphis*,
    293 F.3d 345 (6th Cir. 2002) .................................................................................. 6

*In re Seidel*,
    443 B.R. 411 (Bkrtcy. S.D. Ohio 2011) .............................................................. 14

*Jock v. Sterling Jewelers, Inc.*,
    646 F.3d 113 (2d Cir. 2011) .................................................................................. 10

*Kroger v. Malease*,
    437 F.3d 506 (6th Cir. 2006) ................................................................................. 11

*Mich. Coalition v. Griepentrog*,
    945 F.2d 150 (6th Cir. 1991) ................................................................................. 12

*Negron v. U.S.*,
    553 F.3d 1013 (6th Cir. 2009) ................................................................................ 7

*Ohio ex rel. Celebrezze v. Nuclear Regulatory Commission*,
    812 F.2d 288 (6th Cir. 1987) ................................................................................ 14

*Rent-a-Center, West Inc. v. Jackson*,
    130 S. Ct. 2772 (2010) ........................................................................................... 13

*Sanderson Farms, Inc. v. Gasbarro*,
    2007 WL 3402539 (S.D. Ohio Nov. 13, 2007) ...................................................... 5

**Page**

*Sterling Jewelers, Inc. v. Laryssa Jock, et al.,*
2012 WL 895979 (U.S. March 19, 2012).......................................................10

*Stolt-Nielsen v. AnimalFeeds Int'l Corp.,*
130 S.Ct. 1758 (2010)...................................................1, 7, 8, 9, 10, 13, 14

*Tenneco Automotive Operating Co., Inc. v. Kingdom Auto Parts,*
410 Fed. Appx. 841 (6th Cir. 2010) ..........................................................11

*Turi v. Main Street Adoption Services, LLP,*
633 F.3d 496 (6th Cir. 2011) ....................................................................4

*Vitols v. Citizens Banking Co.,*
984 F.2d 168 (6th Cir. 1993) ....................................................................4

*Von Arras v. Columbus Radiology Corp.,*
2005 WL 1220735 (Ohio App. 10 Dist. 2005)...........................................8, 13

*Workman v. Bredesen,*
486 F.3d 896 (6th Cir. 2007)...................................................................12

## STATUTES

28 U.S.C. § 1292(a) (West 2012) ...................................................................1

28 U.S.C. § 1292(a)(1) (West 2012) ...............................................2, 11, 12, 15

28 U.S.C. § 1292(b) (West 2012) ...........................................................2, 3, 15

## RULES & REGULATIONS

Federal Rules of Civil Procedure, Rule 23 ........................................................8

## MISCELLANEOUS

16 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRAC. & PRO.
§ 3930 at 426 (4d Ed. 2011) ....................................................................6

American Arbitration Association's Commercial Rules and Supplementary
Rules for Class Arbitrations ...............................................................8, 13, 14

iv

Defendants Craig M. Crockett, assignee of DeHart Crockett, P.C. and Craig M. Crockett, P.C., d/b/a Crockett Firm, on behalf of all others similarly situated (collectively, "Defendants" or "Crockett") submit this Memorandum of Law in support of their motion to certify the March 31, 2011 Decision and associated February 24, 2012 Expanded Opinion (together, the "Order") for an interlocutory appeal pursuant to 28 U.S.C. § 1292(a) and (b) and for a stay of proceedings before this Court until (1) the Court of Appeals determines whether to grant or deny permission to appeal the Order; and (2) if such permission to appeal is granted, until the Court of Appeals has issued a final decision on the interlocutory appeal.

It is respectfully submitted that this case raises difficult issues of first impression among which are (a) whether a court or arbitrator should decide the issue of class arbitrability and (b) whether the clauses at issue authorize class arbitration. This Court, itself, has recognized that these issues are ones on which there can be differences of opinion and which even the Supreme Court of the United States have not yet resolved: "In accordance with the reasoning of the Supreme Court in *Stolt-Nielsen*, this Court concludes that neither that decision nor the decision of the Court in *Bazzle*, resolved the [question of whether a court or arbitrator decides the issue of class arbitrability]." Expanded Opinion at p. 9. It is respectfully submitted that these are precisely the type of issues that warrant certification for interlocutory appeal.

## INTRODUCTION

Defendants respectfully move this Court to certify for resolution by the Court of Appeals two controlling questions of law as to which there is a substantial ground for difference of opinion, which formed the basis for Defendants' opposition to Plaintiff

Reed Elsevier's (hereinafter "Plaintiff" or "Lexis") motion for partial summary judgment on its first count for declaratory judgment.[1] The first question is whether it is for an arbitrator or the court to determine whether the arbitration agreement at issue authorizes class arbitration. The second question is whether the arbitration clauses at issue authorize class arbitration. This Court's analysis of these issues highlights that these matters are difficult questions, and matters of first impression in the Sixth Circuit, where substantial grounds for difference of opinion could be expected. Because the Order constituted a Declaratory Judgment on the Defendants' contractual rights (or lack thereof) to class arbitration, these issues are controlling and almost certainly case-determinative, warranting an immediate appeal under 28 U.S.C. § 1292(b). If either of the controlling questions of law is resolved in Defendants' favor, the case before this Court will be dismissed and this litigation will be terminated. An interlocutory appeal from the Order will materially advance the ultimate termination of this litigation, thereby satisfying the statutory requirements for certification for appeal.

This Court should also certify these issues for interlocutory appeal under 28 U.S.C. § 1292(a)(1) because the Order has the direct effect of granting Plaintiff's requested injunction prohibiting Defendants from pursuing arbitration on a classwide basis.

Pending determination of this motion and any related proceedings in the Court of Appeals, the Court should now grant a stay of proceedings, including a stay of the resolution of Plaintiff's second count for injunctive relief.

---

[1] Plaintiff's Complaint alleged two causes of action. The first sought a declaratory judgment articulating Defendants' rights, under Crockett's contracts with Lexis, to arbitrate Defendants' dispute with Lexis on a classwide basis. The second sought an order enjoining Defendants from pursuing any such class arbitration.

## ARGUMENT

I.  **THE ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

On March 31, 2011, this Court granted Plaintiff's motion for partial summary judgment on the first count of its Complaint. This decision promised an expanded opinion offering the Court's reasoning and citations of authority. The Court entered this expanded opinion on February 24, 2012, and together, they constitute the Order from which Defendants seek to appeal to the Court of Appeals. In its Order, the Court issued its declaratory judgment that (1) it is for a court, not an arbitrator, to determine whether the arbitration agreement provides for class arbitration; and (2) the specific arbitration clauses entered into by Plaintiff and Defendants do not permit class arbitration.

Defendants move that the Order be certified for interlocutory appeal because it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b), which governs a motion for certification of an order:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis added.)

When applying this statute, the Sixth Circuit and this District Court require that the following four elements be established: (1) the question involved must be one "of law"; (2) it must be controlling; (3) there must be substantial ground for "difference of opinion" about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation. *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *Ebbing v. Butl—r County, Ohio*, 2010 WL 596470 at *3 (S.D. Ohio Feb. 16, 2010); *American Premier Underwriters, Inc. v. National R.R. Passenger Corp.*, 2009 WL 961553 at *2 (S.D. Ohio Apr. 8, 2009). The Order satisfies each of these requirements.

### A.     The Questions Are Ones of Law

The first issue — whether an arbitrator or a court should determine the arbitrability of a dispute — is a question of law. *See* the Expanded Opinion at pp. 9 – 15; Plaintiff's Memorandum of Law in Support of Its Motion for Partial Summary Judgment (Doc. #7), pp. 6 – 9; Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. #29), pp. 7 - 10.

The second question – whether the contracts between the parties permit class arbitration – is also undisputedly one of law. The interpretation of contracts, including the scope and meaning of arbitration clauses, is a question of law. *Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496, 507 (6th Cir. 2011); *First Union Real Estate Equity and Mortg. Investments v. Crown American Corp.*, 23 F.3d 406 (Table), 1994 WL 151338 at *3 (6th Cir. Apr. 26, 1994); *Campbell v. Potash Corp. of Saskatchewan, Inc.*, 238 F.3d 792, 797 (6th Cir. 2001).

4

Interlocutory appeals are intended "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Sanderson Farms, Inc. v. Gasbarro*, 2007 WL 3402539 at *3 (S.D. Ohio Nov. 13, 2007). Both major questions in controversy are pure questions of law that the Court of Appeals would be able to determine without reference to an exhaustive factual record.

The Court made a number of secondary findings of law upon which it based its answers to the two major questions in controversy. For instance, the Court found the contracts between Plaintiff and Defendants were not unconscionable contracts of adhesion because (1) relevant state law considers whether a party could have entered into a contract with a substitute party, and Defendants could have instead engaged Lexis's competitor, Westlaw (Expanded Opinion at p. 20) and (2) relevant recent Supreme Court and Circuit Court cases have held that clauses prohibiting class treatment of disputes are not unconscionable (Expanded Opinion at pp. 22 – 25). The Court also found that class arbitration is a substantive, not procedural matter (Expanded Opinion at pp. 14 – 15). These secondary findings are also pure questions of law and would require minimal (if any) review of a factual record.

The Court also concluded, as a matter of law, that the entire dispute was not subject to the arbitration clauses at issue. This conclusion stands out because Defendants' essential allegation is that Lexis failed to provide warnings when Defendants navigated outside of their research subscription plan – warnings that were guaranteed them in the same contracts that also contain the broadly written arbitration clauses governing disputes. Specifically, the Court held that Defendants' arbitration demand

5

"does not qualify as 'any controversy,'" meaning that it is not subject to arbitration under either agreement between the Plaintiff and Defendants and the AAA Commercial Rules are not, as a result, applicable." Expanded Opinion at p. 18. Since, as the Court noted, the arbitration clause provides that "any controversy, claim or counterclaim ... arising out of or in connection with" the agreement between the parties must be resolved by arbitration, this legal conclusion stands out for interlocutory resolution from the Court of Appeals.

**B.     The Questions Are Controlling and Materially Affect the Outcome of This Litigation**

A legal question is controlling in the Sixth Circuit if the "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). For example, obviating the need for a trial has been found to materially affect the outcome of the litigation. *In re Baker v. Getty Financial Services*, 954 F.2d 1169, 1172 (6th Cir. 1992). Likewise, here, a reversal of the Order could materially affect the outcome of the litigation by precluding the need for the litigation altogether. If the Sixth Circuit finds (1) that an arbitrator should decide the question of class arbitration, *or* (2) if it finds that the specific arbitration clauses permit class arbitration, the district court litigation will terminate. This result would save the parties and the Court the expense of litigating Plaintiff's second count. *Id.*; 16 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRAC. & PRO. § 3930 at 426 (4d Ed. 2011). A decision by the Sixth Circuit will materially affect the outcome of the litigation.

C.    **There Exists Substantial Ground for Difference of Opinion on the Controlling Questions of Law**

Courts within the Sixth Circuit have found substantial grounds for differences of opinion can be shown when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue. *Negron v. U.S.*, 553 F.3d 1013, 1015 (6th Cir. 2009); *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp. 2d. 926, 956 (M.D. Tenn. 2001); *Eagan v. CSX Transp. Inc.,* 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003).

Importantly, this Court itself acknowledged, in its Expanded Opinion, that the questions presented were difficult issues of first impression. "In accordance with the reasoning of the Supreme Court in *Stolt-Nielsen*, this Court concluded that neither that decision nor the decision of the Court in *Bazzle*, resolved the [question of whether a court or arbitrator decides the issue of class arbitrability]." Expanded Opinion at p. 9. In this case, there are two controlling questions of law at issue, each of which is rooted in substantial grounds for differences of opinion.

There exists substantial ground for difference of opinion on whether an arbitrator or a court should decide class arbitrability. The Order limited the Supreme Court's opinion, directly on point and not overturned, in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 451 (2003) (plurality holding that when "all disputes" related to a contract are assigned to an arbitrator, whether the matter may proceed as a class arbitration is for the arbitrator to decide). Similarly, the arbitration clause at issue requires arbitration for "any controversy" related to the contracts, but the Order does not hold that *Bazzle* is determinative. Further, the *Bazzle* Court opined that there may be limited circumstances in which "the parties intended courts, not arbitrators" to determine class arbitrability, but

7

the issue of whether the arbitration clause itself forbids class arbitrations "[does] not fall into this narrow exception." *Id.* at 452.

There is also ground for difference of opinion on the second question; *i.e.*, whether the clauses at issue authorize class arbitration. The Order marginalizes the holdings in *Bazzle* in its effort to be loyal to the Supreme Court's subsequent ruling in *Stolt-Nielsen v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (2010); which focused heavily upon the intent of the parties entering into the arbitration agreement. *Id.* at 1773 – 1774.

Here, most importantly, the Court gave little weight to substantial evidence demonstrating Plaintiff's intent to permit class arbitration. Plaintiffs' agreements clearly and unequivocally incorporate by reference the American Arbitration Association's ("AAA") Commercial Rules and Supplementary Rules for Class Arbitrations. Expanded Opinion at p. 17. Ohio courts have routinely held that incorporation of specific arbitration rules demonstrates "clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Von Arras v. Columbus Radiology Corp.*, 2005 WL 1220735 at *4 (Ohio App. 10 Dist. 2005) (collecting federal cases). As contrasted to the facts in *Stolt-Nielsen*, by incorporating class action rules in their agreements, Plaintiffs here cannot be said to have been "silent" on the issue of class arbitration. Rather, their voice was loud and clear.

In concluding that class arbitration is a substantive matter for courts to decide and not a procedural matter for the arbitrator to decide, the Order also deemphasized the inclusion of class actions as a procedural matter in the Federal Rules of Civil Procedure, specifically Rule 23. Further, as the Supreme Court has held, "parties to an arbitration contract would normally expect a forum-based decision maker to decide forum-specific

procedural gateway matters … procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 86 (2002). In determining that the contracts were not unconscionable contracts of adhesion, the Order relied in part upon a finding that Defendants could have used Westlaw instead – but, respectfully, this overstates the minor value courts place upon substitute services when making an analysis of unconscionable contracts under New York state law. *See Desiderio v. National Association of Securities Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir. 1999); *Brennan v. Bally Total Fitness*, 153 F. Supp. 2d 408, 416 (S.D.N.Y. 2001) (holding contracts unconscionable when there is lack of meaningful choice *with the terms of the contract* that are unreasonably favorable to the other party) (emphasis added).

There exist substantial grounds for differences of opinion on these issues, which are (as admitted by this Court) difficult issues of first impression. Indeed, the major Supreme Court decisions animating these legal disputes – *Bazzle, Stolt-Nielsen, AT&T Mobility* – were exceedingly close cases.[2] Similarly, it is respectfully submitted that the Order erred in its prediction that the Second Circuit would, in the face of these decisions, back down on its holding that a class action waiver is void as unconscionable. Expanded Opinion at p. 21; *see In re American Express Merchants' Litigation*, 667 F.3d 204, 213 (2d Cir. Feb. 1, 2012) ("Amex III") (concluding that the Supreme Court's holding in *AT&T Mobility v. Concepcion* does not apply because the practical effect of enforcement of class action waiver is to preclude a party's ability to bring claims at all); *In re*

---

[2]   The Court's opinion in *Bazzle* was joined by four of the Justices, with the fifth concurring in part and dissenting in part. The minority offered two separate dissents. In *Stolt-Nielsen*, the Court was split 5 to 3, with J. Sotomayor, a likely dissenter, recusing herself as she took part in lower court proceedings. AT&T Mobility was decided 5 to 4.

9

*American Express Merchants' Litigation*, 634 F.3d 187, 194 (2d Cir. 2011) ("Amex II"); and *In re American Express Merchants' Litigation*, 554 F.3d 300, 320 (2d Cir. 2009) ("Amex I").

Substantial ground for difference of opinion is also enhanced by the Supreme Court's recent denial of certiorari in the *Sterling Jewelers* case, which applied Ohio law. *Sterling Jewelers, Inc. v. Laryssa Jock, et al.,* 2012 WL 895979 (Mem) (U.S. 2012) No. 11-693 (cert denied, March 19, 2012); *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113 (2d Cir. 2011). Plaintiff's old effort to distinguish this case in its submission of Supplemental Authority (Doc. #41) is unavailing. The Second Circuit affirmed – after *Stolt-Nielsen* – an arbitral award permitting class arbitration, holding that parties may reach "implicit – rather than express – agreement to authorize class-action arbitration." *Jock,* 646 F.3d at 123 – 124. The Supreme Court's denial of certiorari confirms the Second Circuit's decision that an arbitrator – not a Court – should decide the issue of class arbitration where the text of the arbitration agreement implicates the procedure.

**D.    An Immediate Appeal May Materially Advance the Ultimate Determination of the Litigation**

The fourth factor for certification of the Order for an interlocutory appeal is easily met; if the Sixth Circuit finds either (1) that the question of class arbitrability is for the arbitrator, not the court, to decide or (2) that the arbitration clauses require class arbitration, then the parties and this Court need not conduct a trial or otherwise determine Plaintiff's second cause of action for injunctive relief. *In re Baker v. Getty Financial Services,* 954 F.2d 1169, 1172 (6th Cir. 1992) (certifying issue for interlocutory appeal when Circuit determination may hasten termination of litigation and conserve judicial resources).

10

A reversal of the Order would make unnecessary the expenditure of time and resources required to litigate the merits on Plaintiff's second cause of action for a permanent injunction restraining Defendants from pursuing class arbitration. Thus, Defendants submit that an immediate appeal would advance the ultimate determination of this litigation.

## II. THE ORDER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(a)(1)

Defendants also move this Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) because the Order has "the practical effect of granting or denying an injunction." *AmSouth Bank v. Dale*, 366 F.3d 763 (6th Cir. 2004); *Kroger v. Malease*, 437 F.3d 506 (6th Cir. 2006). The statute governing the Courts of Appeals' jurisdiction over such orders, 28 U.S.C. § 1292(a)(1), reads:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.

The Court of Appeals reviews the district court's legal rulings *de novo* and any ultimate order granting or denying an injunction for an abuse of discretion. *Tenneco Automotive Operating Co., Inc. v. Kingdom Auto Parts,* 410 Fed. Appx. 841, 855 (6th Cir. 2010); *Hunter v. Hamilton County Board of Elections*, 635 F.3d 219, 233 – 234 (6th Cir. 2011).

When determining whether an order has the "practical effect" of granting or denying a request for an injunction, the Court of Appeals focuses on "the nature of the

11

order and its substance," not "the label attached" to it. *Workman v. Bredesen*, 486 F.3d 896, 904 (6th Cir. 2007). The Order has the "practical effect" of granting Plaintiff's requested injunctive relief prohibiting Defendants from pursuing class arbitration. The Court of Appeals has jurisdiction over the Order pursuant to 28 U.S.C. § 1292(a)(1) because the Order puts at risk Defendants' only meaningful opportunity to adjudicate its small consumer disputes with Lexis. The Order therefore has "serious, perhaps irreparable, consequences" or "can be effectually challenged only by immediate appeal." *Cooey v. Strickland*, 588 F.3d 921, 922 (6th Cir. 2009).

## III. THIS COURT SHOULD STAY ALL PROCEEDINGS IN THIS ACTION PENDING RESOLUTION OF PROCEEDINGS IN THE COURT OF APPEALS

In evaluating whether a stay should be granted pending the Court of Appeals' disposition of an interlocutory appeal, the Court considers the same factors as it does for a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Mich. Coalition v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

### A. Defendants Are Likely To Prevail on the Merits of the Appeal

Here, as set forth above, the questions of whether an arbitrator or a court should determine class arbitrability and whether the specific arbitration clauses at issue authorize class arbitration, present (a) difficult questions of first impression and (b) substantial grounds for difference of opinion. It is respectfully submitted that Defendants have

provided a compelling case that these questions were erroneously decided, and thus, should be reversed.

Under established law, and under established AAA procedures, which were included in the clauses at issue here, it is for the arbitrator, not the court, to make the initial determination as to whether the arbitration agreement permits Defendants to proceed by class arbitration. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003); *AAA Commercial Rules* and *AAA Supplementary Rules on Class Arbitration* (providing for "clause construction" process by which AAA arbitrators determine if an arbitration clause provides for class arbitration). Where the specific clauses at issue unequivocally provide that the parties to the dispute agreed to arbitrate "any controversy" as here, and the parties agreed to assign all controversies to the arbitrator, the arbitrator's authority to determine the arbitration clause's scope is a valid delegation under the Federal Arbitration Act. *Rent-a-Center, West Inc. v. Jackson*, 130 S. Ct. 2772, 2782 (2010) (holding that if a party challenges the enforceability of an arbitration agreement as a whole, the challenge is for the arbitrator). Ohio courts have routinely held that incorporation of specific arbitration rules demonstrates "clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Von Arras v. Columbus Radiology Corp.*, 2005 WL 1220735 at *4 (Ohio App. 10 Dist. 2005) (collecting federal cases). Thus, the parties' incorporation of the AAA Supplementary Rules on Class Arbitration is precisely a fact that would demonstrate the intent of the parties to agree to class arbitration under *Stolt-Nielsen*. 130 S. Ct. at 1767.[3] As such, the Court of Appeals

---

[3] A recent New York State appellate court decision held that class arbitration was precluded when the text of the parties' arbitration agreement incorporated FINRA Rules that expressly *do not* permit class arbitration. *Gomez v. Brill Securities, Inc.*, ---

is likely to conclude that the arbitration clause requires class arbitration (if it reaches the question).

**B.      Defendants Will Be Irreparably Harmed Absent a Stay**

It is in all parties' best interests that the stay be granted. An injunction prohibiting Defendants from pursuing class arbitration would block Defendants, each with a small consumer dispute with Lexis, from their only economically effective avenue for justice. "The realistic alternative to a class action is not 17 million individual suits, but zero individual suits, as only a lunatic or a fanatic sues for $30." *Stolt-Nielsen*, 130 S. Ct. at 1783 (*quoting Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)).

Further, to proceed with litigation on the merits of Plaintiff's second cause of action, only to face the prospect of an appeal in the event Plaintiff's request for injunctive relief is granted, would result in a significant waste of time, money, and resources for all parties and the Court in the event the appeal is successful and an arbitrator, not this Court, is found to be empowered to determine the class arbitration issue in the first place. Such harm would be irreparable.

**C.      The Plaintiff Will Not Be Harmed by a Stay**

No harm would befall the Plaintiff if the district court litigation were to be stayed pending the appeal. *In re Seidel*, 443 B.R. 411, 417 (Bkrtcy. S.D. Ohio 2011); *Ohio ex rel. Celebrezze v. Nuclear Regulatory Commission*, 812 F.2d 288, 290 (6th Cir. 1987).

---

N.Y.S.2d ---, 2012 WL 851644 at *3 (1st Dep't March 15, 2012). This is precisely the logic here. The arbitration agreement between Plaintiff and Defendants expressly *incorporates* the AAA Commercial Rules and Supplementary Rules on Class Arbitration. For this reason, the arbitrator should be permitted to follow the process and procedures agreed to by the parties.

Further, the putative class would not be harmed by a stay since the adjudication of the appeal may represent their only hope at a recovery.

**D.      A Stay is in the Public Interest**

The requested stay is likewise in the public interest in that dismissal of this case would waste the Court's (and thus the taxpayers') scant resources. Accordingly, it is respectfully submitted that this Court should grant a stay of proceedings until (1) the Court of Appeals determines whether to grant or deny permission to appeal the Order; and (2) if such permission to appeal is granted, until the Court of Appeals has issued a final decision on the interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court should certify its Order granting Plantiff's motion for partial summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) and 1292(b), and grant the requested stay of proceedings.

Dated: March 21, 2012                    Respectfully submitted,
   New York, New York

             FENSTERSTOCK & PARTNERS LLP

       By: _Blair C. Fenst_____
           Blair C. Fensterstock (*pro hac vice*)
           Eugene D. Kublanovsky (*pro hac vice*)
           Michael T. Phillips II

           100 Broadway, 8th Floor
           New York, New York 10005
           (212) 785 – 4100

           FRANTZ WARD LLP
           Patrick F. Haggerty (0019703)
           Lindsey A. Carr-Siegler (0074182)

           2500 Key Center

127 Public Square
Cleveland, Ohio 44144

*Attorneys for Defendants*