IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REED ELSEVIER, INC., | : |
|     Plaintiff, | : |
| vs. | :   Case No. 3:10cv248 |
| | :   JUDGE WALTER HERBERT RICE |
| CRAIG M. CROCKETT, et al., | : |
|     Defendants. | : |

ENTRY EXPRESSLY FINDING THAT THERE IS NO JUST CAUSE FOR DELAY AND DIRECTING THAT FINAL JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS ON PLAINTIFF'S FIRST CLAIM FOR RELIEF; TERMINATION ENTRY

The parties have jointly requested that, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, this Court find that there is no just cause for delay and direct that final judgment be entered in favor of Plaintiff and against Defendants on Plaintiff's first claim for relief.[1]

---

[1] Rule 54(b) provides in pertinent part:
    (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Before finding that there is no just cause for delay and directing that final judgment be entered, a District Court must initially assure itself that there truly are multiple claims, which requires the District Court to examine the operative facts supporting claims, rather than the legal theories in support thereof. Lowery v. Federal Exp. Corp., 426 F.3d 817, 821 (6th Cir. 2005). Herein, with its first claim for relief in its Complaint (Doc. #1), Plaintiff requested declaratory and injunctive relief, preventing Defendants from proceeding with classwide arbitration, because it had not agreed to such arbitration. With its second claim for relief, the Plaintiff sought the same relief; however, the factual basis for that claim is distinct. The Defendants seek to represent two subclasses in the arbitration, to wit: law firms and clients of law firms. With its second claim for relief, Plaintiff focuses upon the fact that most law firms do not have provisions for arbitration in their contracts with the Plaintiff, let alone the one in question, and that no clients of law firms have contracts with Plaintiff containing arbitration agreements. Plaintiff alleges that as a consequence of the lack of arbitration agreements, Defendants cannot demand arbitration on behalf of most of the putative members of the class they seek to represent before the American Arbitration Association or any other arbitral forum. Accordingly, this Court concludes that multiple claims are presented in this litigation.

In Lowery, the Sixth Circuit also restated the factors a District Court must consider before finding that there is no just cause for delay.

> This court has identified the following nonexhaustive list of factors to be considered:
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a

- 2 -

> second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.
>
> Gen. Acquisition[, Inc. v. GenCorp, Inc.,] 23 F.3d [1022,] 1030 [(6th Cir.1994)] (citations omitted).

426 F.3d at 821-22. Herein, Plaintiff's first claim for relief (the adjudicated claim) and its second claim for relief (the unadjudicated claim) are factually distinct. In addition, the Defendants' need for review of this Court's Expanded Opinion (Doc. #43) cannot be mooted by future events in this litigation. Even if the Defendants prevail on Plaintiff's second claim for relief, they will remain enjoined from proceeding with classwide arbitration, their desired end. The only vehicle for relief from the Court's order of injunctive relief is appellate review, making an appeal inevitable. As to the third factor identified by the Sixth Circuit, given that the Plaintiff's claims are factually distinct, the Sixth Circuit will not be called upon to conduct a second review of the conclusions reached by this Court in its Expanded Opinion, i.e., that it is for a court rather than an arbitrator to decide whether to proceed with classwide arbitration and that the arbitration clause in question did not authorize such relief. Since this litigation involves declaratory and injunctive relief, rather than damages, the Defendants do not have a claim which could act as a setoff. Finally, the Plaintiff has stipulated that it will dismiss its second claim for relief, if the Sixth Circuit affirms this Court. Therefore, an express finding of no just cause for delay would, if the Sixth Circuit were to affirm this Court's Expanded Opinion, save the resources which would be expended by the parties, as well as the district and appellate courts, to resolve Plaintiff's second claim for relief.

- 4 -

Accordingly, this Court expressly finds that there is no just cause for delay and directs that final judgment be entered in favor of Plaintiff and against Defendants on the first claim for relief in Plaintiff's Complaint (Doc. #1).

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

April 9, 2012

*(signature)*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.